IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD LEE ROGERS, SR.,            )
                                     )
            Plaintiff,               )
                                     )
        v.                           )    1:07CV141
                                     )
MAJOR SHOAF, LIEUTENANT BAILEY,      )
LIEUTENANT MOTE, and ROBERT S.       )
TAYLOR,                              )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

This case is before the Court on Defendant Robert S. Taylor's motion to dismiss. (Docket No. 21.) Taylor is an Assistant District Attorney in Davidson County, North Carolina, who prosecuted Plaintiff for second-degree rape and other charges. Plaintiff claims in his complaint he was a pretrial detainee in the Davidson County Detention Center. He alleges that, on February 7, 2007, Taylor successfully pursued a motion in court which somehow resulted in Plaintiff's jail privileges being stripped from him. (Docket No. 2, ¶ V.) He also claims that Taylor violated his right to a speedy trial in the criminal prosecution. (Id.) Taylor seeks dismissal under Fed. R. Civ P. 12(b)(6) for failure to state a claim upon which relief may be granted. Taylor asserts that absolute immunity bars Plaintiff's claims against him.

A motion to dismiss under Rule 12(b)(6) cannot succeed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief.'" Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)(quoting Conley v. Gibson, 355 U.S. 41 (1957)). The Court must assume that the allegations in the complaint are true and construe them in the light most favorable to Plaintiff. Id. However, the Court does not have to accept as true legal conclusions stated as facts. Further "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007)(citation and footnote omitted).

Taylor's argument is that the claims against him are barred by prosecutorial immunity. Prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); see Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996)(prosecutor's decision of whether and when to prosecute is protected by absolute immunity). This is so even if their actions are malicious or dishonest. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). The only requirement for immunity is that their actions be taken while performing traditional prosecutorial duties. Those duties include participation in judicial proceedings, as opposed to certain investigative or administrative functions. See Harris v. Bornhorst, 513 F.3d 503, 510 (6th Cir.) petition for cert. filed ___ U.S. ___, 2008 WL 1751519 (2008); Mink v. Suthers, 482 F.3d 1244, 1262 (10th Cir. 2007). Work in the

courtroom has been held to clearly fall within the scope of conduct covered by immunity. Mink, 482 F. 3d at 1261.

Applying those standards to Plaintiff's complaint, it is clear that Taylor's motion to dismiss should be granted. Although the exact nature of the motion pursued by Taylor which affected Plaintiff's privileges is not revealed, the conduct alleged did supposedly take place in the courtroom as part of Plaintiff's criminal proceedings.[1] As such, it was a traditional prosecutorial function which falls within the scope of absolute immunity. Plaintiff makes no claim otherwise. Therefore, any claim based on this conduct should be dismissed.

Plaintiff's other allegation is that Taylor violated his right to a speedy trial. Not only are decisions about whether or when to prosecute within the scope of prosecutorial immunity (see Lyles, supra), but Plaintiff's speedy trial claim would also involve a challenge to the validity of his criminal conviction. Therefore, this claim cannot be pursued under § 1983.[2] Heck v. Humphrey, 512 U.S. 477 (1994). For both of these reasons, this speedy trial portion of Plaintiff's claims against Taylor should also be dismissed. This disposes of all claims against Taylor and his motion to dismiss should be granted.

---

[1] Plaintiff repeats the allegation that the privileges were stripped pursuant to a motion in his response to the motion to dismiss. (Docket No. 23, Answer II.)

[2] In Plaintiff's response he continues to make allegations that the entire prosecution was malicious and a violation of his rights. These claims would also be barred under Heck. (Docket No. 23, Answer.)

**IT IS THEREFORE RECOMMENDED** that Defendant Robert S. Taylor's motion to dismiss (Docket No. 21) be granted and that all claims against him be dismissed.

_____
**United States Magistrate Judge**

July 3, 2008